8 F.3d 819
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Leonard RICCIO, Plaintiff-Appellant,
v.
James C. LATHAM; George J. Goldsborough, Jr.; Richard S.
Phillips; Josephine P. Latham; Thompson
Investigative Agency; Alarm Guard of
Delmarva, Inc.; Kenneth
Cunningham,
Defendants-
Appellees.
 No. 93-1563.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 13, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-91-3302-B)
 John Leonard Riccio, Appellant Pro Se.
 James C. Latham, Easton, Maryland; George Joseph Goldsborough, Jr., Goldsborough & Tolley, Easton, Maryland; Richard Salter Phillips, Sr., Walsh & Phillips, Easton, Maryland; Josephine P. Latham, Easton, Maryland; J. Lynne Wood, Law Office, Annapolis, Maryland; Michael James O'Rourke, Annapolis, Maryland; Andrew Janquitto, Mudd, Harrison & Burch, Towson, Maryland; James Xavier Crogan, Jr., Baltimore, Maryland; Kenneth Cunningham, Easton, Maryland, for Appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Leonard Riccio appeals from the district court order granting summary judgment in favor of all Defendants. The district court found Riccio's causes of action barred by the applicable statutes of limitations. We find that the court erred with respect to Riccio's state law claims asserted under diversity of citizenship. Thus, we vacate that portion of the order and remand for further proceedings. In all other respects, we affirm.
 
 
 2
 Riccio's complaint states that he learned of allegedly illegal wiretapping on November 28, 1988. He filed this action on November 20, 1991. The federal statute of limitations for civil suits arising from violations of the federal wiretapping statute is two years. 18 U.S.C. § 2520 (1988). Thus, Riccio's complaint was untimely with respect to a federal cause of action.
 
 
 3
 However, Riccio also stated claims pursuant to the Maryland wiretapping act. He alleged a substantive violation of the statute and a conspiracy to violate the statute. The Maryland statute of limitations on civil actions under the state wiretapping statue is the state's general three-year statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1989). Where no exception is made in the statute providing for a cause of action, the three-year limitation applies. Id. The wiretapping statute makes no such exception.* See id. § 10-410. Thus, the three-year period applies, and Riccio timely filed the state action in diversity. We vacate that portion of the district court order of summary judgment dealing with the state-law claims and remand this cause for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 The district court correctly noted that Md. Cts. & Jud. Proc. Code Ann. § 10-4A-08(e) (1989) allowed for only a two-year statute of limitations. However, that section expressly applies only to subtitle 10-4A. Thus, it is inapplicable to § 10-410